[No. 6080. Decided March 1, 1906.]

F. E. CREECH *et al., Respondents,* v. THE CITY OF ABERDEEN, *Appellant.*[1]

APPEAL—DISMISSAL—ORAL NOTICE—ENTRY. Where oral notice of appeal is given in open court the fact that the clerk entered the same in the minute book instead of in the journal, as required by Bal. Code, § 6503, is not ground for the dismissal of the appeal.

APPEAL—ORAL NOTICE—DENIAL OF NEW TRIAL. Where a motion for a new trial is seasonably made before the entry of judgment, oral notice of appeal may be given at the time of overruling the motion for a new trial, although judgment was entered in the mean-time, and such notice is effectual as an appeal from the judgment.

1Reported in 84 Pac. 623.

Motion to dismiss an appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 19, 1905.   Denied.

*R. E. Taggart* and *Ben Sheeks,* for appellant.
*W. H. Abel* and *John C. Hogan,* for respondents.

Root, J.—This cause was tried below before the court and a jury, and resulted in a verdict favorable to respondents. This verdict was filed October 14, 1905. On October 16, appellant filed and served a motion for a new trial. On October 19, a judgment was signed by the judge, and entered. On October 20, notice of the taking of the judgment was served and filed. On October 23, the motion for new trial was by the court denied. At the time of this ruling, the appellant, in open court, gave notice of appeal to this court.   The minutes of the court for that day show the following entry:

"5931.   F. E. Creech et al v. City of Aberdeen.
"Order denying motion for new trial signed, whereupon defendant gave notice, by announcement in open court, of appeal to the supreme court of Washington.   .   .   .
                         "E. A. Philbrick, Clerk."

The respondents move to dismiss this appeal, assigning as reasons, that the order attempted to be appealed from is not appealable, and that no proper notice of appeal was given. They urge in support of their motion the following points: (1) That the recording of appellant's announcement of appeal in the minute book by the clerk, instead of in the court's journal, was ineffectual to perfect an appeal; (2) that the order denying a new trial was not an appealable order, and that the attempted appeal from it was a nullity; (3) "that the announcement in open court of an appeal from the order denying new trial, made at the time of the entry of such order, was ineffectual as an appeal from the judgment entered some four days previously."   Bal. Code, § 6503, provides that a party may give a notice of appeal in open court, and "thereupon the court or judge shall direct the clerk to make

an entry of such notice in the journal of the court." Section 4722 provides for the keeping of an "order book or journal," in which the clerk shall record the "daily proceedings of the court, enter all verdicts, orders, judgments and decisions." The fact that the clerk entered in the minute book, instead of the journal, appellant's announcement of its intention to appeal should not be permitted to defeat the appeal. If the minute book is not, in contemplation of law, the same as the journal provided for by the statute, then the action of the clerk in entering this announcement in the minute book instead of the journal was an error on his part, and one for which we do not think appellant should be held responsible, especially as we are unable to perceive that respondents have been in any way prejudiced thereby.

The second and third points argued cannot be maintained. The statute, as aforesaid, provides that a notice of appeal may be given in open court at the time when such judgment or order is rendered or made. Subsequent to the enactment of this statute, the legislature provided by statute that, upon the return and filing of the verdict of a jury, a judgment might be at once entered thereupon, by the clerk of the court, execution to be held in abeyance in case of the interposition of a motion for a new trial, until the disposition of said motion. According to the record before us, it appears that judgment in this case was signed and entered by the court while the motion for new trial was pending undetermined. Our attention is not called to any statute providing for such a practice. The motion for new trial was served and filed within time. As to whether the judgment should remain effective depended upon the action of the court with reference to said motion. The judgment could become absolute only upon the denial by the court of the motion for a new trial. Keeping in mind the purposes to be served by the various provisions of the statutes referred to, we can see no reason why the giving of a notice of appeal orally in open court, at the time of the denial of the motion for a new trial, should not be deemed a

substantial compliance with the requirements of the statute.' It could occasion no delay, because the appellant would have a considerable period of time thereafter within which to take appeal by giving written notice. It would cause no confusion or misapprehension, nor in any way impair the rights of the respondents. Unless we should hold in this manner, it would be incumbent upon us to hold that the statute permitting the entry of judgment upon the filing of the verdict had practically the effect of repealing the statue authorizing the giving of oral notice of appeal in open court, as the defeated party, on the entry of verdict and judgment immediately thereupon, could not at that time interpose such oral notice of appeal without seeming to waive his right to a motion for a new trial, which might be, and often is, a valuable right.

The motion to dismiss the appeal is denied.

MOUNT, C. J., CROW, DUNBAR, FULLERTON, and HADLEY, JJ., concur.